UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CONSTITUTION LIFE INSURANCE COMPANY,**

   **Plaintiff,**

v.               Case No: 6:15-cv-1376-Orl-41KRS

**FERMIN CHANG,**

   **Defendant.**
             /

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion for Summary Judgment ("Motion," Doc. 28). Defendant did not file a response. For the reasons set forth herein, Plaintiff's Motion will be granted.

### I. LEGAL STANDARD

Summary judgment is appropriate when the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it may "affect the outcome of the suit under the governing law." *Id.* "The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1313–14 (11th Cir. 2007). Stated differently, the moving party discharges its burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

However, once the moving party has discharged its burden, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quotation omitted). The nonmoving party may not rely solely on "conclusory allegations without specific supporting facts." *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985). Nevertheless, "[i]f there is a conflict between the parties' allegations or evidence, the [nonmoving] party's evidence is presumed to be true and all reasonable inferences must be drawn in the [nonmoving] party's favor." *Allen*, 495 F.3d at 1314.

## II.   BACKGROUND

On June 6, 1981, Union Bankers Insurance Company—a predecessor of Plaintiff—issued a Catastrophic Health Expense Policy ("Policy") to Defendant. (Policy, Doc. 28-1, at 1, 3). In 1992, Defendant entered the adult inpatient program at La Amistad for schizophrenia. (Aug. 30, 2004 Letter, Doc. 28-3, at 5; Jan. 8, 2015 Letter, Doc. 28-1, at 47). La Amistad is a residential treatment center licensed by Florida. (License, Doc. 28-1, at 23). As of May 19, 2015, Defendant remained an inpatient at La Amistad, receiving both psychiatric care and medication for his condition. (May 19, 2015 Letter, Doc. 28-2, at 3).

On January 1, 1992, Plaintiff informed Defendant that it would not renew his policy as it was discontinuing all such policies in Florida. (*See* Jan. 20, 1992 Letter, Doc. 28-1, at 11). However, Plaintiff has continued to pay claims under the Policy since its termination in 1992 under a provision allowing for the continued payment of claims that "beg[a]n while the policy [wa]s in force." (Compl., Doc. 1, ¶¶ 15–17; Doc. 28-1 at 4). Plaintiff now seeks a declaration that Defendant's inpatient treatment for schizophrenia is not covered by the Policy and that Plaintiff is not required to continue paying claims for such expenses. (Doc. 1 ¶¶ 34–35).

### III.  ANALYSIS

Plaintiff seeks a declaratory judgment against Defendant pursuant to 28 U.S.C. § 2201. Section 2201 states: "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." In Florida, "[s]ummary judgment is appropriate in declaratory judgment actions seeking a declaration of coverage when the insurer's duty, if any, rests solely on the applicability of the insurance policy, the construction and effect of which is a matter of law." *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1358 (M.D. Fla. 2001); *see also Gas Kwick, Inc. v. United Pac. Ins. Co.*, 58 F.3d 1536, 1538–39 (11th Cir. 1995) ("Under Florida law, interpretation of an insurance contract is a matter of law to be decided by the court.").

Pursuant to the Policy, treatment services for mental illness are not covered unless they are "hospital inpatient services." (Doc. 28-1 at 7). However, "[i]f [an insured] incurs Covered Expense[s] while confined in a hospital as a resident bed patient because of mental illness," the Policy allows for the payment of "benefits for inpatient services." (*Id.* at 6). Mental illness is defined by the Policy as "a neurosis, psychoneurosis, psychopathy, psychosis or mental or emotional disease or disorder of any kind." (*Id.* at 5). Additionally, hospital is defined as follows:

> "Hospital" means a place which:
>
> 1. is legally operated for the care and treatment of sick and injured persons at their expense;
>
> 2. is primarily engaged in providing medical, diagnostic and surgical facilities (either on its premises or in facilities available to the hospital on a formal prearranged basis);
>
> 3. has continuous 24 hour nursing services by or under the supervision of registered graduate professional nurses (R.N.);
>
> 4. has a staff of one or more doctors available at all times.

> "Hospital" also means a place which may not meet the above requirements, but is accredited as a hospital by the Joint Commission of Accreditation of Hospitals.
>
> "Hospital" does[ not] mean convalescent, maternity, nursing, rest or Skilled Nursing Facilities. It does [not] mean a place operated for treatment of the mentally ill, aged, drug addicts or alcoholics, nor a special unit of a hospital used by or for any of the above.

(*Id.*).

"Under Florida law, insurance contracts are construed according to their plain meaning." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (quoting *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So. 2d 528, 537 (Fla. 2005)). "[I]f a policy provision is clear and unambiguous, it should be enforced according to its terms whether it is a basic policy provision or an exclusionary provision." *Taurus Holdings, Inc.*, 913 So. 2d at 532 (quotation omitted).

Defendant suffers from schizophrenia, which undisputedly falls within the Policy's definition of mental illness. Accordingly, Plaintiff is not required to pay claims for Defendant's treatment unless the expenses were incurred while Defendant was receiving inpatient care at a hospital. The plain language of the Policy excludes "place[s] operated for treatment of the mentally ill" from the definition of "hospital." (Doc. 28-1 at 5). Accordingly, the treatment that Defendant has and continues to receive at La Amistad—a facility operated exclusively for the care and treatment of the mentally ill—is not covered by the plain language of the Policy. Therefore, Plaintiff is not legally obligated to continue covering such expenses and is entitled to a declaration to that effect.

### IV. CONCLUSION

In accordance with the foregoing, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion for Summary Judgment (Doc. 28) is **GRANTED**.

2. The Clerk is directed to enter judgment in favor of Plaintiff providing that Plaintiff has no continuing obligation under the Policy to provide coverage for claims arising out of the treatment of Defendant's mental illness. Thereafter, the Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on November 14, 2016.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party